IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HENRY HINTON, JR. (# 200283)**                                                                                **PLAINTIFF**

**v.**                                **No. 4:17CV132-NBB-DAS**

**WARDEN TIMOTHY MORRIS, ET AL.**                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Henry Hinton, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the general conditions of confinement in Unit 29-G at the Mississippi State Penitentiary are unconstitutionally harsh. For the reasons set forth below, the instant case will be dismissed as moot.

**Factual Allegations**

Mr. Hinton alleges a host of deplorable conditions within Unit 29-G of the Mississippi State Penitentiary, but states that all of the conditions relate to one constitutional claim – that the unit is overcrowded. As relief, Mr. Hinton would like the Mississippi Department of Corrections to:

1. Provide two hours (2) out of cell time AM: 7-12 and two (2) hrs out of cell time PM: 12-7 PM with optional outside recreation.

2. Provide "All" programs as mandated by MDOC Policy, for "All" who wish to participate.

3. Provide professional pest control services, along with measures to rid Unit 29 rodent infestation.

4.  Winter is here, Require maintenance to fix unclosable windows, including broken shower lights, fix ping-pong toilets, clean exhaust fans and remove un-sanitary bird poo from the control tower.

5.  According to law, inmates with violent histories, disciplinary concerns which are classified maximum/close custody should "not" be double-celled. Order single-celling of "All" inmates that fall into this category. MDOC officials are required by law to protect inmates from harm. The MDOC handbook notes inmates retain and have a right to protection from harm. PC inmates require a further level of protection. Overcrowding coupled with classification break downs are placing PC inmates at risk.

6.  Place a call or write Eric J. Ross, C.E.C. of Aramark food services, and advise that he is in violation of his contract where he is required to deliver two (2) meals "hot" daily, within a 14-hour time period. Further, he is in violation where the foods being delivered are not nutritionally balanced (missing food groups) and inadequate (below 2,900 calories). Also remind him some inmates do "work."

Doc. 1 at 40-41.

## Discussion

In this case, the plaintiff has requested only injunctive relief. However, it appears that he was released from custody after filing the instant case, as a search of the Mississippi Department of Corrections website reveals that no one named "Henry Hinton" is currently incarcerated or on parole within the system. Further, no one with inmate number 200283 (the number the plaintiff provided to the court) is incarcerated or on parole within the Mississippi Department of Corrections system. A prisoner's claim for declaratory and injunctive relief based on conditions of confinement becomes moot upon the prisoner's release from custody or transfer from the facility. *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001). Thus, in the present case, the plaintiff's release from custody rendered his claims for declaratory and injunctive relief moot. Indeed, even if he had been re-incarcerated in another Mississippi prison, his future detention in the facility at issue in the present suit would be too speculative to warrant relief. *Id.* As it appears that the plaintiff has been released outright, his claims for injunctive relief must be dismissed as moot. Hence, as Mr. Hinton requested only injunctive relief in the present case, it must be dismissed in its entirety as

moot. In addition, Mr. Hinton has filed a motion for a temporary restraining order or preliminary injunction, as well as a motion to waive the 90-day waiting period. As the motion for injunctive relief involves the same issues as the complaint, it too will be dismissed as moot. Similarly, as this case will be dismissed, the motion regarding the 90-day waiting period will also be dismissed as moot.

## Conclusion

For the reasons set forth above, the instant case filed under 42 U.S.C. § 1983 will be dismissed as moot, as will the pending motion for a temporary restraining order or preliminary injunction. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of April, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE