# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**HENRY HINTON, JR. (# 200283)**  PLAINTIFF

v.  No. 4:17CV132-NBB-DAS

**WARDEN TIMOTHY MORRIS, ET AL.**  DEFENDANTS

### ORDER *GRANTING* PLAINTIFF'S MOTION [18]
### FOR RELIEF FROM JUDGMENT OR ORDER

This matter comes before the court on the plaintiff's motion for reconsideration of the court's final judgment [15] dismissing the instant case as moot. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60.

The court dismissed the instant case as moot on April 27, 2018, because the plaintiff's complaint sought only injunctive relief and it appeared that he had been released from incarceration because: (1) the court had received returned mail addressed to him, and (2) he could not be found in the Mississippi Department of Corrections public Inmate Locator, either as an inmate or a parolee. In the current motion, however, the plaintiff states that, as a protective custody inmate, his whereabouts are not available on the public website. He also states that his address temporarily changed when he was subpoenaed for trial and that he has since been returned to Unit 29, where the events of this case took place.

An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. *Id.* The plaintiff has asserted a valid reason under subsection (1) – the court's mistaken belief that he had been released from prison. As such, his request [18] for

reconsideration will be granted

The plaintiff also asserts that he has filed a class action suit under Fed. R. Civ. P. 23; however, he must meet the strictures associated with that rule, and he has not. In *pro se* prisoner actions, as prisoner must assert his own rights, not those of others:

> [O]rdinarily a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."

*Rogers v. Brockette*, 588 F.2d 1057, 1060 (5th Cir. 1979) (quoting *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Thus, the court will consider only those allegations which involve the plaintiff.

Twice now the plaintiff has relocated without informing the court of his new address. See Docs. 14, 17. The court cannot administer this case without a valid mailing address for the plaintiff. The court admonishes the plaintiff to keep the court informed of his address; failure to do so will lead to the dismissal of this case under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with an order of the court.

It is **ORDERED**:

(1) That the instant motion [18] to reconsider is **GRANTED**; and

(2) The Clerk of the Court is **DIRECTED** to place this case back on the court's active docket.

**SO ORDERED**, this, the 16th day of November, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE